State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Thomas G. Sundvold, respondent.

___ N.W.2d ___

Filed June 19, 2015.    No. S-14-828.

Original action. Judgment of suspension.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the conditional admission filed by Thomas G. Sundvold, respondent, on April 15, 2015. Prior to the filing of the conditional admission at issue in this case, this court filed an opinion on April 4, 2014, in case No. S-13-002, in which we suspended respondent for a period of 3 years followed by 2 years' monitored probation upon reinstatement. See *State ex rel. Counsel for Dis. v. Sundvold*, 287 Neb. 818, 844 N.W.2d 771 (2014). Accordingly, respondent was suspended at the time he filed the present conditional admission. We accept respondent's conditional admission and order that respondent be suspended from the practice of law for a period of 6 months, which suspension shall commence immediately consecutive to respondent's current 3-year suspension followed by 2 years' monitored probation upon reinstatement.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on September 25, 2003. At all relevant times,

he was engaged in the private practice of law in Lincoln, Nebraska.

As stated above, prior to the filing of the conditional admission at issue in this case, in case No. S-13-002, the Counsel for Discipline of the Nebraska Supreme Court filed formal charges against respondent on January 3, 2013, and it filed amended formal charges on February 15. The amended formal charges contained two counts against respondent and generally alleged that respondent had violated his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 2012), and several of the Nebraska Rules of Professional Conduct. A referee was appointed, and after holding an evidentiary hearing, the referee determined that respondent had violated Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (competence); 3-501.3 (diligence); 3-501.4(a) and (b) (communications); 3-501.15(a) and (c) (safekeeping property); and 3-508.4(a), (c), and (d) (misconduct); and his oath of office as an attorney. The referee recommended that respondent be suspended for a period of 3 years, followed by 2 years' monitored probation.

Respondent initially filed exceptions to the referee's report regarding findings of fact and conclusions of law and the recommended discipline; however, in his brief to this court, respondent stated that he withdrew his exceptions to the referee's findings of fact and conclusions of law and took exception only to the referee's recommended discipline. We filed an opinion on April 4, 2014, in which we suspended respondent for a period of 3 years, followed by 2 years' monitored probation upon reinstatement. See *State ex rel. Counsel for Dis. v. Sundvold, supra*.

In the current case, case No. S-14-828, formal charges were filed against respondent on September 10, 2014. The formal charges consist of two charges against respondent. In the two counts, it was alleged that by his conduct, respondent had violated his oath of office as an attorney, § 7-104, and Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (competence); 3-501.3 (diligence); 3-501.4(a)(3) (communications); 3-501.5(a) (fees); 3-501.15(a), (c), (d); and (e) (safekeeping property);

3-501.16(d) (declining or terminating representation); and 3-508.4(a), (c), and (d) (misconduct).

With respect to count I, the formal charges state that on July 5, 2011, an owner of commercial property in Papillion, Nebraska, filed suit in the district court for Sarpy County for unpaid rent against a company and the company's owner. On August 5, respondent filed an answer on behalf of his client— the company's owner. Thereafter, discovery commenced and the case progressed toward trial.

On September 18, 2013, the district court scheduled a status hearing in the case to be held on December 9. On December 6, respondent filed a certificate of readiness for trial in which respondent stated that

> "the case is ready for trial; that all discovery proceedings including depositions and other necessary preparation has been completed; that the testimony of all necessary witnesses is as of the date hereof available for trial as certified hereby; that the trial is estimated to take no less than 1 day nor more than 2 days."

On December 19, relying on respondent's certificate of readiness for trial, the district court issued an order for a pretrial conference to be held on April 3, 2014, and set the jury trial to be held on April 22 and 23.

Respondent failed to notify his client that the trial was scheduled for April 22, 2014. After December 19, 2013, respondent failed to contact or subpoena any witnesses for the trial.

On April 2, 2014, respondent directed his paralegal to send an e-mail to opposing counsel, which stated: "'Our client contacted us to let us know she is having difficulty making arrangement[s] to be in Nebraska on April 22nd.'" The formal charges state that this was a false statement and that respondent knew it was false when he directed his paralegal to make it.

At 3:34 p.m. on April 2, 2014, respondent filed a motion to continue the pretrial conference set for April 3 at 11:15 a.m. and the trial set for April 22. The formal charges state that in the motion, respondent falsely stated: "'The reason

for this request is because [his client] has recently moved out of state and is having difficulty making arrangements to attend the trial.'" Respondent had not informed his client that the pretrial conference was scheduled for April 3, nor had he informed her that trial was scheduled for April 22. On April 3, the district court denied respondent's motion to continue the trial.

On April 4, 2014, as stated above, we suspended respondent from the practice of law for a period of 3 years. The district court judge became concerned that respondent may not have informed his client of his suspension and the need to find replacement counsel for the trial scheduled to begin April 22. The judge directed his bailiff to contact the client to see if she had found replacement counsel. On April 15, the judge's bailiff spoke with the client by telephone. The client stated that she was unaware that the trial was scheduled for April 22, that respondent had been suspended from the practice of law on April 4, that a pretrial conference was held on April 3, and that the dates for the pretrial conference and the trial had been set on December 19, 2013. Upon learning this information, the judge filed a grievance against respondent with the Counsel for Discipline on April 28, 2014.

In his May 20, 2014, response to the grievance, the formal charges state that respondent falsely stated that his paralegal had spoken with the client in March and had told the client that the case was set for trial in April. The formal charges further state that respondent also falsely stated that he had attempted to contact opposing counsel to discuss settlement. The formal charges state that at no time between December 19, 2013, and April 3, 2014, did respondent discuss settlement with opposing counsel.

The formal charges allege that by his actions with respect to count I, respondent violated his oath of office as an attorney and professional conduct rules §§ 3.501.1, 3-501.3, 3-501.4(a)(3), and 3-508.4(a), (c), and (d).

With respect to count II, the formal charges state that on March 12, 2014, an estate-related client hired respondent to

assist him in being appointed as personal representative for the estate of his brother. Respondent and the estate-related client entered into a written fee agreement entitled "'Flat Fee Agreement,'" which required that the estate-related client pay $1,500 as a "'non-refundable flat fee.'" However, the fee agreement also stated: "'Should the matter need to be litigated and a lawsuit is filed, the fee agreement will revert to an hourly agreement with fees as $175.00 an hour for attorney time and $75.00 for paralegal time.'"

The estate-related client paid respondent $1,500 in cash on March 12, 2014. Respondent did not deposit any portion of the $1,500 into his client trust account.

On March 17, 2014, the estate-related client sent respondent a money order for $500. Respondent did not know why the estate-related client had sent this payment, but respondent did not contact him to determine the purpose of this payment. Respondent deposited the $500 money order into his business account and not his client trust account.

On April 14, 2014, as stated above, we suspended respondent from the practice of law for a period of 3 years. Respondent did not refund any portion of the $1,500 payment he had received from the estate-related client on March 12, nor did respondent refund any portion of the $500 he had received on or after March 17.

On June 17, 2014, the estate-related client filed a grievance against respondent regarding his failure to refund the unearned fee payments. A copy of the grievance letter was mailed to respondent. On July 1, respondent sent the estate-related client a business check in the amount of $500 as a refund of the $500 payment made on March 17. In respondent's July 3 reply to the estate-related client's grievance, respondent asserted that the $1,500 payment was a nonrefundable fee.

The formal charges allege that by his actions with respect to count II, respondent violated his oath of office as an attorney and professional conduct rules §§ 3-501.5(a); 3-501.15(a), (c), (d), and (e); 3-501.16(d); and 3-508.4(a).

On April 15, 2015, respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313 of the disciplinary rules, in which he conditionally admitted that he violated his oath of office as an attorney and certain professional conduct rules. In the conditional admission, respondent knowingly does not challenge or contest the truth of the matters conditionally admitted and waived all proceedings against him in connection therewith in exchange for a 6-month suspension to be added to his current 3-year suspension followed by 2 years' monitored probation as issued in case No. S-13-002. Upon reinstatement, if accepted, respondent shall be placed on monitored probation as set forth in case No. S-13-002, which states that "[t]he monitoring shall be by an attorney licensed to practice law in the State of Nebraska, who shall be approved by the [Counsel for Discipline]." *State ex rel. Counsel for Dis. v. Sundvold*, 287 Neb. 818, 833, 844 N.W.2d 771, 783 (2014). Respondent shall submit a monitoring plan as set forth in case No. S-13-002, which states:

> The monitoring plan shall include, but not be limited to, the following: During the first 6 months of the probation, respondent will meet with and provide the monitor a weekly list of cases for which respondent is currently responsible, which list shall include the date the attorney-client relationship began; the general type of case; the date of last contact with the client; the last type and date of work completed on the file (pleading, correspondence, document preparation, discovery, or court hearing); the next type of work and date that work should be completed on the case; any applicable statutes of limitations and their dates; and the financial terms of the relationship (hourly, contingency, et cetera). After the first 6 months through the end of probation, respondent shall meet with the monitor on a monthly basis and provide the monitor with a list containing the same information as set forth above; respondent shall reconcile his trust account within 10 days of receipt of the monthly bank statement and provide the monitor with a copy within

5 days; and respondent shall submit a quarterly compli-
ance report with the Counsel for Discipline, demonstrat-
ing that respondent is adhering to the foregoing terms of
probation. The quarterly report shall include a certifica-
tion by the monitor that the monitor has reviewed the
report and that respondent continues to abide by the terms
of the probation.

*Id*. at 833-34, 844 N.W.2d at 784.

The proposed conditional admission included a declara-
tion by the Counsel for Discipline stating that respondent's
proposed discipline is appropriate and consistent with sanc-
tions imposed in other disciplinary cases with similar acts
of misconduct.

## ANALYSIS

Section 3-313, which is a component of our rules governing
procedures regarding attorney discipline, provides in perti-
nent part:

(B) At any time after the Clerk has entered a Formal
Charge against a Respondent on the docket of the Court,
the Respondent may file with the Clerk a conditional
admission of the Formal Charge in exchange for a stated
form of consent judgment of discipline as to all or
part of the Formal Charge pending against him or her
as determined to be appropriate by the Counsel for
Discipline or any member appointed to prosecute on
behalf of the Counsel for Discipline; such conditional
admission is subject to approval by the Court. The con-
ditional admission shall include a written statement that
the Respondent knowingly admits or knowingly does
not challenge or contest the truth of the matter or mat-
ters conditionally admitted and waives all proceedings
against him or her in connection therewith. If a tendered
conditional admission is not finally approved as above
provided, it may not be used as evidence against the
Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the matters conditionally admitted. We further determine that by his conduct, respondent violated conduct rules §§ 3-501.3 and 3-501.4(a)(3), to which he admitted, and his oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, we approve the conditional admission and enter the orders as indicated below.

## CONCLUSION

Respondent is suspended from the practice of law for a period of 6 months, which suspension shall commence immediately consecutive to respondent's current 3-year suspension as set forth in case No. S-13-002. See *State ex rel. Counsel for Dis. v. Sundvold*, 287 Neb. 818, 844 N.W.2d 771 (2014). Should respondent apply for reinstatement, his reinstatement shall be conditioned upon respondent's being on probation for a period of 2 years, including monitoring, following reinstatement, subject to the terms agreed to by respondent in the conditional admission, outlined above, and set forth in case No. S-13-002, and acceptance of an application for reinstatement is conditioned on the application's being accompanied by a proposed monitored probation plan the terms of which are consistent with this opinion. See *id*. Respondent shall comply with Neb. Ct. R. § 3-316, and upon failure to do so, he shall be subject to punishment for contempt of this court. Respondent is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323(B) of the disciplinary rules within 60 days after the order imposing costs and expenses, if any, is entered by the court.

Judgment of suspension.